**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF ALASKA**

> **Filed On**
> **6/28/07**

In re:

KRISTEN JOAN VESPER,

        Debtor.

Case No. F06-00565-DMD
Chapter 7

## MEMORANDUM REGARDING DISMISSAL

      The United States Trustee has filed a motion to dismiss this case on the grounds that granting relief to the debtor would be an abuse of the provisions of chapter 7. The debtor has opposed the motion. The motion to dismiss is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). This court has jurisdiction pursuant to 28 U.S.C. § 1334(b) and the district court's order of reference. I find for the debtor.

Background

      Kristen Vesper is a divorced, 36 year old registered nurse from Fairbanks. She has two children. She shares custody of the children with her first ex-husband and receives no child support from him. She owns a 2006 Subaru Outback valued at $17,000.00, free and clear. Her son, an 18 year old student at UAF, owns a 1997 Ford Explorer valued at $5,000.00. It is free and clear also.

      Ms. Vesper filed for chapter 7 relief on December 22, 2006. She filed an amended means test calculation, Official Form 22A, on February 23, 2007. On line 23 of that form, she claimed a transportation ownership expense of $471.00 for the Subaru. She

also claimed a transportation ownership expense of $332.00 for the Ford Explorer on line 24 of the form. The United States trustee ("UST") contends these claimed expenses are improper. The UST filed a motion to dismiss the debtor's case for abuse under 11 U.S.C. § 707(b)(1) and (2) on March 22, 2007. The debtor has opposed the motion.

Analysis

The "means test calculation" is applied to individual debtors. In the chapter 7 context, the calculation is used to determine whether the granting of relief to a debtor would be presumed an abuse of the chapter 7 process.[1] In the chapter 13 context, the means test is used to determine the sufficiency of the debtor's plan payments and the duration of the plan period.[2] The means test calculation, codified in 11 U.S.C. § 707(b)(2), requires courts to refer to and apply specific standards in making these determinations. A debtor is allowed to take certain "applicable" and "actual" expenses when making the means test computation. 11 U.S.C. § 707(b)(2)(A)(ii)(I) provides, in part:

> The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which a debtor resides . . .[3]

---

[1] 11 U.S.C. § 707(b)(2).

[2] 11 U.S.C. § 1325(b).

[3] 11 U.S.C. § 707(b)(2)(A)(ii)(I).

2

A national standard is applied for the vehicle ownership costs which may be claimed under the means test.[4] At the time the debtor filed her chapter 7 petition, the applicable amounts were $471.00 for the first vehicle and $332.00 for a second vehicle.[5] The debtor contends she is entitled to deduct both of these amounts on the means test for the purpose of computing her monthly disposable income even though she is not making a car payment for either the Subaru or the Explorer. The United States Trustee disagrees.

Courts are sharply divided on this issue. As of this date, 21 bankruptcy courts have found that debtors like Ms. Vesper, who have no car payments, were entitled to take the vehicle ownership expense.[6] Thirteen bankruptcy courts and one district court have found that debtors cannot deduct the standard expense for a vehicle they own free and clear.[7] Even

---

[4] *Census Bureau, IRS Data and Administrative Expenses Multipliers (Means Testing)*, U.S. Trustee Program, Department of Justice, at http://www.usdoj.gov/ust/eo/bapcpa/20051017/meanstesting.htm.

[5] *IRS Local Transportation Expense Standards - West Census Region (Cases Filed Between October 17, 2005, and February 12, 2006, Inclusive)*, U.S. Trustee Program, Dept. of Justice, at http://www.usdoj.gov/ust/eo/bapcpa.

[6] The cases finding for the debtor are listed in chronological order. They include: *In re Demonica*, 345 B.R. 895 (Bankr. N.D. Ill. 2006); *In re Fowler*, 349 B.R. 414 (Bankr. D. Del. 2006); *In re Hartwick*, 352 B.R.867 (Bankr. D. Minn. 2006); *In re Haley*, 354 B.R. 340 (Bankr. D.N.H. 2006); *In re McIvor,* 2006 WL 3949172 (Bankr. E.D. Mich 2006); *In re Naslund*, 359 B.R. 781 (Bankr. D. Mont. 2006); *In re Grunert*, 353 B.R. 591 (Bankr. E.D. Wis. 2006), *overruled by In re Ross-Tousey*, __ B.R. __, 2007 WL 1466647 (E.D. Wis. 2007); *In re Prince,* 2006 WL 3501281 (Bankr. M.D.N.C. 2006); *In re Wilson*, 356 B.R. 114 (Bankr. D. Del. 2006); *In re Zak*, 361 B.R. 481 (Bankr. N.D. Ohio 2007); *In re Sawdy*, 362 B.R.898 (Bankr. E.D. Wis. 2007); *In re Crews*, 2007 WL 626041 (Bankr. N.D. Ohio 2007); *In re Enright*, 2007 WL 748432 (Bankr. M.D.N.C. 2007); *In re Ragle*, 2007 WL 1119632 at 4-5 (Bankr. E.D. Ky. 2007); *In re Billie*, __ B.R. __, 2007 WL 1174132 (Bankr. N.D. Ohio 2007); *In re Watson*, __ B.R.__, 2007 WL 1086582 (Bankr. D. Md. 2007); *In re Zaporski*, __ B.R. __, 2007 WL 1186032 (Bankr. E.D. Mich. 2007); *In re Swan*, 2007 WL 1146485 (Bankr. N.D. Cal. 2007); *In re Chamberlain*, __B.R. __, 2007 Wl 1355894 (Bankr. D. Ariz. 2007); *In re Lynch*, __B.R. __, 2007 WL 1387987 (Bankr. E.D. Va. 2007); *In re Armstrong*, 2007 WL 1724955 (Bankr. E.D. Wa. 2007).

[7] The decisions are listed chronologically. They include: *In re Hardacre*, 338 B.R. 718 (Bankr. N.D. Tex. 2006); *In re McGuire,* 342 B.R. 608 (Bankr. W.D. Mo. 2006); *In re Lara*, 347 B.R. 198, (Bankr. N.D.

3

within the Ninth Circuit, the bankruptcy courts that have addressed this issue have reached different conclusions.[8]  Both within this circuit and nationwide, the majority of decisions favor the debtor.  This issue has not yet been determined by a circuit court.

The pro-debtor cases have their roots in *In re Fowler*.[9]  In *Fowler*, the chapter 7 debtor had claimed a deduction of $471.00 on her means testing form for a car even though she had no car payment.  The United States Trustee argued the debtor couldn't claim this deduction, and referred to the Internal Revenue Manual ("IRM") to support this position.  The debtor argued that the IRM did not apply.  The court agreed.

> The plain language of section 707(b)(2)(A)(ii)(I) provides that "[t]he debtor's monthly expenses shall be the debtor's applicable monthly expense amount specified under the . . . Local Standards."  There is no reference in that language to the use of the Local Standards as a cap.  In contrast, the IRM expressly provides that "The taxpayer is allowed the local standard or the amount actually paid, *whichever is less*."  The fact that Congress did not use language similar to the IRM evidences

---

Tex. 2006); *In re Barraza,* 346 B.R. 724 (Bankr. N.D. Tex. 2006); *In re Wiggs*, 2006 WL 2246432 (Bankr. N.D. Ill. 2006); *In re Oliver,* 350 B.R. 294 (Bankr. W.D. Tex. 2006); *In re Carlin*, 348 B.R. 795 (Bankr. D. Or. 2006); *In re Harris,* 353 B.R. 304 (Bankr. E.D. Okla. 2006); *In re Devilliers,* 358 B.R. 849 (Bankr. E.D. La. 2007); *In re Slusher*, 359 B.R. 290 (Bankr. D. Nev. 2007); *In re Ceasar,* __B.R.__, 2007 WL 777821 (Bankr. W.D. La. 2007); *In re Howell,* 2007 WL 1237832 (Bankr. D. Kan. 2007); *In re Pampas*, __ B.R. __, 2007 WL 1485352 (Bankr. M.D. La. 2007); *In re Ross-Tousey,* __B.R.__, 2007 WL 1466647 (E.D. Wis. 2007).

[8] The following courts have found in favor of the debtors on this issue: *In re Naslund*, 359 B.R. 781 (Bankr. D. Mont. 2006); *In re Swan*, 2007 WL 1146485 (Bankr. N.D. Cal. 2007); *In re Chamberlain*, __B.R. __, 2007 Wl 1355894 (Bankr. D. Ariz. 2007); *In re Armstrong*, 2007 WL 1724955 (Bankr. E.D. Wa. 2007). The courts within this circuit holding to the contra are: *In re Carlin*, 348 B.R. 795 (Bankr. D. Or. 2006); *In re Slusher*, 359 B.R. 290 (Bankr. D. Nev. 2007).

[9] 349 B.R. 414 (Bankr. D. Del. 2006).

4

>           that it did not intend the Local Standards to apply
>           as a cap.[10]

The court concluded that, based on the plain language of the statute, the debtor was entitled to take the car ownership deduction set by the Local Standards even though she didn't have a car payment.

The *Fowler* court also drew a distinction between the use of the words "actual" and "applicable" in § 707(b)(2)(A)(ii)(I). "Congress expressly stated that a debtor would be entitled to 'actual monthly expenses' for Other Necessary Expenses. The use of 'actual' with respect to the Other Necessary Expenses and 'applicable' with respect to the National and Local Standards must mean that Congress intended two different applications."[11]  Under this rationale, monthly car ownership expenses are applicable to debtors who own vehicles regardless of whether they actually have a car lease or loan payment.

The *Fowler* court further found that the United States Trustee's position would create unfair results.  "For example, it would allow a debtor who had any car payment (even $1) to take the full [ownership expense deduction] . . . but would not allow a debtor who had no car payment to take the deduction."[12]  The court went on to note that allowance of the deduction would reflect the reality that a car for which a debtor no longer makes payments may soon have to be replaced and would avoid "arbitrary distinctions between debtors who

---

[10] *Id.* at 418 (citations omitted, emphasis in original).

[11] *Id.*

[12] *Fowler,* 349 B.R. at 418.

5

have only a few car payments left at the time of their bankruptcy filing and those who finished making their car payments just before filing."[13]

The court argued that the legislative history supported its view of the statute.

> A prior version of the BAPCPA which was never passed defined "projected monthly net income" for the means test to require a calculation of expenses as follows:
>
> (A) the expense allowances under the applicable National Standards, Local Standards, and Other Necessary expenses allowance (excluding payments for debts) for the debtor . . . in the area in which the debtor resides as determined under *the Internal Revenue Service financial analysis* for expenses in effect as of the date of the order for relief.[14]

The court felt that the change from this prior version "evidences Congress' intent that the Courts not be bound by the financial analysis contained in the IRM" and supported its conclusion that it should look only to the amounts set out in the Local Standards to determine allowable deductions.[15]

The bankruptcy court for the District of Nevada came to the opposite conclusion in *In re Slusher*.[16] Slusher owned a 1982 Mazda short bed truck outright. He attempted to claim ownership expenses for the vehicle. In finding that the debtor couldn't

---

[13] *Fowler,* 349 B.R. at 419.

[14] *Id.*, *citing* H.R. 3150, 105th Congress (1998) (emphasis in original).

[15] *Fowler*, 349 B.R. at 419.

[16] 359 B.R. 290 (Bankr. D. Nev. 2007).

take this expense, the court focused on the use of the word "applicable" in § 707(b)(2)(A)(ii)(I). It stated:

> What does the word "applicable" mean in this context? Does it mean, as the debtor suggests, that you cross-match the debtor's location and status against the standards as published, and no more? Or does it mean, as the trustee contends, that this court should interpret the standards as the IRS would, including any direction or discretion given to IRS employees by the IRS internal publications?[17]

The court concluded that reference to IRS publications was appropriate. Those publications do not allow a deduction for ownership expenses unless the debtor has an actual car payment.

The *Slusher* court went on to discuss the *Fowler* line of cases, as follows:

> This court reluctantly and respectfully disagrees with the holdings in *Demonica* and *Fowler*. A natural reading of the statute would indicate that the juxtaposition of "actual" with the term "applicable" means that there may be situations in which these modifiers limit the deductions in different ways. For example, a debtor may deduct only the *actual* amount of Other Necessary Expenses, regardless of the amount of those expenses. In contrast, a debtor can deduct the amount specified by the IRS for expenses falling under the IRS' National and Local Standards, even if such scheduled amounts are higher or lower than the debtor's actual expenses. Under this reading, "actual" and "applicable" do mean two different things – one is a limitless deduction within the specified categories of Other Necessary

---

[17] *Slusher*, 359 B.R. at 307-308 (footnotes omitted).

7

> Expenses, and the other is a deduction limited to the amount and type specified by the IRS . . . .
>
> . . . .
>
> Congress' decision to use the IRS standards within the Bankruptcy Code strongly suggests that courts should look to how the IRS determined those standards; that is, as to how the IRS would have applied them in similar circumstances. In making that inquiry, it makes no sense to turn a blind eye to existing administrative interpretations of the very text Congress has specified . . . .[18]

In the only appellate decision to date on the issue, *In re Ross-Tousey*, a federal district court overturned a bankruptcy court decision which allowed a debtor without a car payment to deduct vehicle ownership expenses.[19] The district court agreed with *Slusher* and found in favor of the United States Trustee. It felt that a debtor must have a car expense in the first place, before the vehicle ownership expense became "applicable."[20] The court concluded that "[w]hen the debtor has no monthly ownership expenses, it makes no sense to deduct an ownership expense to shield it from creditors."[21]

*Collier* supports the majority view.[22] As *Collier* notes:

---

[18] *Slusher*, 359 B.R. at 308-309 (citations omitted, emphasis in original).

[19] __B.R. __, 2007 WL 1466647 (E.D. Wis. 2007).

[20] *Ross-Tousey*, 2007 WL 1466647 at 3.

[21] *Id.* at 4.

[22] 6 *Collier on Bankruptcy* ¶ 707.05[2][c][i] (15th ed. revised 2007).

8

> The statute is not crystal clear about how transportation expenses are computed. The better view is that, because the language refers to deducting the "amounts specified" in the standards, and not actual expenses, the ownership allowance specified in the standards is the minimum amount to be deducted for the expense of car ownership, rather than the remaining car payments on a vehicle, if any, divided by 60 permitted by a later paragraph. This is the position taken by the Advisory Committee on Bankruptcy Rules in drafting Official Form 22A. In fact, the literal language of the provisions could lead to a conclusion that both the "amounts specified" and the secured debt payments should be deducted, which would allow double counting of some of those payments.[23]

*Collier* finds the *Fowler* line of cases to be the better reasoned of the two positions and, like the *Fowler* court, felt the legislative history of § 707(b)(2)(A)(ii)(I) "undercut" the minority position.[24]

I find the *Fowler* line of cases more persuasive, particularly in light of the legislative history. This interpretation may appear to conflict with one of the express purposes of the means testing calculation, which was to "ensure that debtors repay creditors the maximum they can afford."[25] But Congress had the opportunity to make the financial

---

[23] 6 *Collier on Bankruptcy* ¶ 707.05[2][c][i] at 707-45 (footnotes omitted).

[24] *Id.* at 707-46.

[25] H.R. Rep. No. 31(I), 109th Cong., 1st Sess. 2005; 2005 U.S.C.C.A.N. 88, 89; 2005 WL 832198 (Apr. 8, 2005).

analysis standards used by the Internal Revenue Service applicable to the monthly ownership expense allowances and chose not to do so.

Both Official Form 22A and the information on the United States Trustee's web site are consistent with this interpretation. A debtor with a car payment that is less than the allowable standard is nonetheless permitted the full deduction on Lines 23 and 24 of the forms.[26] If the actual car payment exceeds the allowable expense amounts on Lines 23 and 24, the debtor may claim such excess as a deduction on Line 42 of the form, as a "future payment on secured claims." This is contra to IRM guidelines, which allow a taxpayer either the local standard or the amount of the monthly payment, whichever is less.[27] In other words, the allowable ownership expense amount under the bankruptcy statute has nothing to do with a debtor's actual vehicle loan or lease expenses. It is an allowed deduction, considered as a necessary expense, which is used to calculate whether a "presumption" of abuse arises.

The means testing figures found on the United States Trustee's web site also support this view. A note on the first web page regarding means testing cautions that "[t]he IRS expense figures posted on this Web site are for use in completing bankruptcy forms. *They are not for use in computing taxes or for any other tax administration purpose.*

---

[26] While the debtor must deduct his car payment from the ownership expense allowance, he recovers this deduction on Line 42 of Official Form 22A, which permits the debtor to list deductions for future payments on secured claims.

[27] *Fowler*, 349 B.R. at 418, *citing* IRM at 5.15.7 ¶ 4.

Expense information for tax purposes can be found on the IRS Web site."[28]  The United States Trustee's means testing information also states that "[t]he Ownership Costs component of the Transportation Standards is published on a national basis, by number of cars. This information, reproduced in a format designed for ease of use in completing these bankruptcy forms, is available at the following link."[29]  When a debtor follows the link to find the allowable ownership expense amounts for a given region, he finds single dollar amounts listed as allowable expenses for one or two vehicles.  The web site information specifies that these dollar amounts are to be used on Lines 23 and 24 for Official Form 22A and on Lines 28 and 29 for Official Form 22C.  The United States Trustee's web site is silent on the issue of whether a debtor without car payments may take the ownership deduction.

Applying numbers obtained from the United States Trustee's web site, the debtor has claimed transportation ownership expenses of $471.00 for the Subaru and $332.00 for the Explorer.  The UST argues that neither of these expenses should be allowed because the debtor has no car payments.  Instead, the UST would increase the debtor's deduction on Line 22 of Form 22A (for vehicle operation/public transportation expense) by $200.00 as an

---

[28] *Means Testing, Census Bureau, IRS Data and Administrative Expense Multipliers*, found at http://www.usdoj.gov.ust/eo/bapcpa/20070201/meanstesting.htm (emphasis added).  The IRS web site has a similar disclaimer, which states "IRS Allowable Expenses are intended for use in calculating repayment of delinquent taxes.  Expense information for use in bankruptcy calculations can be found on the website for the U.S. Trustee Program."  *See* "Allowable Living Expenses for Transportation" posted on the Internal Revenue Service web site at http://www.irs.gov/businesses/small/article/0,,id=104623,00.html.

[29] *Means Testing, Census Bureau, IRS Data and Administrative Expense Multipliers*, found at http://www.usdoj.gov.ust/eo/bapcpa/20070201/meanstesting.htm (emphasis in original).

11

older vehicle allowance for the five year old Explorer.[30] This $200.00 allowance may be permitted under Internal Revenue Service guidelines, but it is nowhere to be found on the United States Trustee's web site.[31] The expense figures posted on the United States Trustee's web site are the ones to be used in making the means testing calculation; any additional deductions which might be appropriate under internal IRS guidelines should not be used in this bankruptcy calculation.

Other provisions in § 707(b)(2)(A) support the view that Congress intended to "cherry pick" from, rather than adopt wholesale, the IRS standards used for tax collection purposes. For example, § 707(b)(2)(A)(ii)(I) allows a debtor to deduct "Other Necessary Expenses" by using his or her actual expenses, rather than amounts specified by IRS regulations or guidelines.[32] The *category* of expense is determined by IRS guidelines, but the amount is not. Considering the difference in purpose of the two schemes (the IRS tax collection guidelines and the means testing calculations), this makes sense. The IRS guidelines are used for the purpose of collecting delinquent taxes (which are generally non-dischargeable, priority claims in bankruptcy). The means test, on the other hand, is applied to determine whether individual consumer debtors have the ability to repay at least a portion

---

[30] Some courts which have adopted the minority view have allowed the $200.00 deduction for older vehicles. *See Slusher*, 359 B.R. at 310; *Oliver*, 350 B.R. at 297; *Carlin*, 348 B.R. at 795; *Barraza*, 346 B.R. at 729; *McGuire*, 342 B.R. at 613.

[31] Nor is this $200.00 deduction readily apparent on the IRS's web site, which can be reached by a link from the United States Trustee's web page.

[32] *See Bankruptcy Law Manual* § 10:18.

12

of their debts in bankruptcy. The means test is simply a formula to determine whether a presumption of abuse exists.[33] This formula incorporated certain, select IRS standards, rather than the entire IRS collection scheme.

Conclusion

For the foregoing reasons, I adopt the *Fowler* view. I conclude that Ms. Vesper is entitled to claim the vehicle ownership expenses she has taken on Lines 23 and 24 of her amended means test calculation. This conclusion renders the UST's objections to a number of additional expenses claimed by the debtor on the means testing form moot. Even if these additional objections were sustained by the court, they would make no difference in the final outcome. Under the UST's best case scenario, the total of all allowable deductions to which the debtor is entitled (on Line 49 of the means testing form) would be $5,375.00. However, because I find that the debtor is entitled to an additional deduction of $803.00 for the two cars, the total of all allowable deductions increases to $5,978.00.[34] This sum exceeds the debtor's current monthly income of $5,890.27 by $88.00. If this sum (i.e., "-$88.00) were placed on Line 50 of the debtor's amended means testing form, the 60-month disposable income amount on Line 51 becomes a negative figure, -$5,280.00. The presumption of abuse

---

[33] *See* 3 *Collier on Bankruptcy* ¶ 707.05[2][a] (section 707(b)(2) creates a bright line test to determine abuse).

[34] This sum is reached by deducting the $200.00 "older vehicle" allowance the UST included in her calculation from the sum of $5,375.00, and then adding the two vehicle ownership expense allowances to the remaining deductions that the UST would allow.

13

does not arise under such circumstances. The UST's motion to dismiss will, therefore, be denied. An order will be entered consistent with this memorandum.

DATED: June 27, 2007

> BY THE COURT
> /s/ Donald MacDonald IV
> DONALD MacDONALD IV
> United States Bankruptcy Judge

Serve: V. Therrien, Esq.
K. Hill, Esq.
R. Crowther, Esq.
L. Compton, Trustee
U. S. Trustee

06/28/07